IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL JOHN,<br>    A#035059892,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-1844-B-BW |
| | § | |
| U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br>        Respondent. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the amended Petition for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241, received on October 7, 2025.  (Dkt. No. 9.)  Based on

the relevant filings and applicable law, the Court should **DISMISS** the petition

without prejudice as moot.

## I.  BACKGROUND

Samuel John, then an immigration detainee at the Prairieland Detention

Center in Alvarado, Texas, filed his original habeas corpus petition under 28 U.S.C.

§ 2241 on July 15, 2025, claiming that his prolonged detention by United States

Immigration and Customs Enforcement ("ICE") violated 8 U.S.C. § 1231(a)(6) and

his due process rights under the Fifth Amendment.  (*See* Dkt. No. 3 at 6.)  He sought

immediate release from ICE custody.  (*See id.* at 7.)  Respondent filed a response in

opposition to the § 2241 petition on September 4, 2025.  (*See* Dkt. No. 6.)  Instead of

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

filing a reply, John filed an amended § 2241 petition on October 7, 2025, again alleging violations of § 1231(a)(6) and his due process rights and seeking immediate release from ICE custody; the amended petition also included requests for injunctive relief enjoining his detention and attorneys' fees and costs.  (*See id.* at 7-9.)

Because it appeared to the Court from available online records that John was no longer in ICE custody, the Court entered an order on February 2, 2026 requiring Respondent to file a notice specifically addressing John's current custodial status and its effect, if any, on his § 2241 petition.  (*See* Dkt. No. 10.)  On February 5, 2026, Respondent filed a status update seeking dismissal of the petition for lack of jurisdiction as moot based on John's removal from the United States.  (*See* Dkt. No. 11.)  The supporting document submitted with Respondent's status update shows that John was removed from the United States on December 16, 2025.  (*See id.* at 4-6.)

## II.  MOOTNESS

"Article III of the Constitution limits . . . federal-court jurisdiction[] to 'Cases' and 'Controversies.'"  *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit.  This means that, throughout the litigation, the plaintiff "must have suffered,

or be threatened with, an actual injury traceable to the defendant and
likely to be redressed by a favorable judicial decision.

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal citations and quotation marks omitted).

Here, John contended that his immigration detention by ICE violated § 1231(a)(6) and the due process clause of the Fifth Amendment. (*See* Dkt. No. 9 at 7-8.) In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that detention of an alien subject to a final order of removal is limited to a period reasonably necessary to bring about his removal from the United States, which is presumably six months, and that he must thereafter be released if "there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. John challenged only the lawfulness of his prolonged detention and sought immediate release from ICE custody. (*See* Dkt. No. 9 at 9.)

Because Respondent's evidence shows that John is no longer detained and has been removed from the United States, John's claims challenging the lawfulness of his detention are moot. *See, e.g.*, *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States). The Court therefore should dismiss John's § 2241 petition as moot.

## III.  RECOMMENDATION

The Court should **DISMISS** the amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, received on October 7, 2025 (Dkt. No. 9), without prejudice as moot.

**SO RECOMMENDED** on February 6, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4